IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

POWERS PAPER, LLC,

    Plaintiff,                                         Case No. 24-10731

v.                                                F. Kay Behm

                                                    U.S. District Judge

NORTHSTAR SOURCING LLC, *et al.*,

    Defendants.

_____/

**AMENDED OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST ALL DEFENDANTS (ECF No. 15)**

This matter is before the court on Plaintiff's Motion for Entry of Default Judgment Against Defendants (ECF No. 15), and the court having reviewed the motion and its exhibits, having heard argument at a hearing, which occurred on November 13, 2024, having considered Plaintiff's supplemental brief (ECF No. 17), and being otherwise duly advised in the premises, finds as follows:

    1.      Plaintiff initiated this action on March 21, 2024, seeking $213,883.24 from Defendants for non-payment of seven invoices as a result of the parties entering into six purchase orders. *See* ECF No. 1. Plaintiff asserts claims of breach of contract, unjust enrichment, and statutory conversion. *Id*.

1

2. Before addressing the merits of Plaintiff's claims, the court will first examine whether proper service of process was effectuated on each Defendant.

    a.    John Koussa

Plaintiff asserts that Defendant, John Koussa, was properly served via his attorney on April 12, 2024. *See* ECF No. 9. Mich. Ct. Rule 2.105(A) governs service of process on individuals and provides as follows:

> (1) delivering a summons and a copy of the complaint to the defendant personally; or
>
> (2) sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee. Service is made when the defendant acknowledges receipt of the mail. A copy of the return receipt signed by the defendant must be attached to proof showing service under subrule (A)(2).

Plaintiff does not contend that it complied with subsection (A). Instead, Plaintiff points to Mich. Ct. Rule. 2.105(I), which provides authority for substituted service on a defendant's agent. Specifically, MCR 2.105(I)(1) provides that, "[s]ervice of process on a defendant may be made by serving a summons and a copy of the complaint on an agent authorized by written appointment or by law to receive service of process." Plaintiff claims that service of process was effectuated on Koussa on April 12, 2024, by serving his attorney, Marc Deldin. The process server, William Proctor, has attested that Deldin is designated by law to accept

2

service of process on behalf of John Koussa.  *See* ECF No. 9.  However, there are two problems with Plaintiff's argument.  First, a plaintiff cannot simply choose to follow Mich. Ct. Rule 2.105(I) and attempt substituted service.  The plaintiff must first establish by sufficient facts that service of process cannot reasonably be made and second, that the proposed alternate manner is in line with the constitutional requirements of due process.  *Zellerino v. Roosen*, 2014 WL 12659915, at *1 (E.D. Mich. Nov. 17, 2014) (internal citations omitted).  Plaintiff did not seek permission from the court to serve Koussa via substituted means.  Indeed, "[i]n Michigan, substitute service 'is not an automatic right.'  A 'truly diligent search for an absentee defendant is absolutely necessary to supply a fair foundation for and legitimacy to the ordering of substituted service." *Reyes-Trujillo v. Four Star Greenhouse, Inc.*, No. 20-11692, 2021 WL 534488, at *4 (E.D. Mich. Feb. 12, 2021) (internal citations omitted).  Plaintiff has not done so here.

      Additionally, the court finds that the process server's statement that Deldin was authorized to accept service on behalf of Koussa, without more, is not sufficient.  Merely because a party has an attorney (which is less than clear here), "did not somehow transform [that attorney] into [an] agent[] who [is] authorized or appointed to receive service of process on [Defendant's] behalf within the meaning" of Rule 4 or Mich. Ct. Rule 2.105.  *Aslani v. Lewis*, 2011 WL 13074041, at

*2 (W.D. Mich. Jan. 10, 2011). For these reasons, the court finds that proper service of process was not effectuated on Koussa and default judgment may not enter against him.

      b.    *Northstar Sourcing LLC*

Next, Plaintiff contends that Defendant, Northstar Sourcing LLC, was properly served pursuant to Mich. Ct. R. 2.105(H)(3) via certified mail to Michigan Bureau of Commercial Services, on May 13, 2024. *See* ECF No. 8. Mich. Ct. R. 2.105(H)(3) provides:

> (3) If a limited liability company fails to appoint or maintain an agent for service of process, or service under subsections (1) and (2) cannot be accomplished through the exercise of reasonable diligence, service of process may be made by delivering or mailing by registered mail to the administrator[1] (pursuant to MCL 450.4102[2][a]) a summons and copy of the complaint.

The Michigan Bureau of Commercial Services has been renamed the Corporations, Securities & Commercial Licensing Bureau. However, service on this entity at P.O. Box 33054, Lansing, MI 48090 (ECF No. 8) does not appear to be the same as service on the Director of the Department of Licensing Affairs, which is required under subdivision (H)(3) of the rule. *See* note 1. The correct address for service under this subdivision appears to be 611 W. Ottawa, Lansing, MI 48909. *See EV*

---

[1] The "administrator" is the director of the department of licensing and regulatory affairs. Mich. Comp. Laws § 450.4102(2)(a), (f).

4

*Transportation Services, Inc. v. Michigan Income & Principal Protected Growth Fund*, E.D. Mich. Case No. 22-10950, ECF No. 34; *EV Transportation Servs., Inc. v. Michigan Income & Principal-Protected Growth Fund, LP*, No. 22-CV-10950, 2022 WL 17986685 (E.D. Mich. Dec. 29, 2022). Because service of process was not properly made on the LLC under Mich. Ct. R. 2.105(H)(3), a default judgment against this entity may not enter.

Plaintiff also argues as to Northstar that service was effectuated on John Koussa, as its president and resident agent, pointing to ECF No. 9. Mich. Ct. Rule 2.105(H) provides that service on an LLC may be made by: (1) serving a summons and a copy of the complaint on the managing member, the non-member manager, or the resident agent. As explained above, however, service on Koussa via his alleged attorney is not proper service on Koussa. This is true individually and as resident agent or president of Northstar. Accordingly, the purported service on Koussa's attorney does not operate as effective service of process on the LLC.

    c.    Kooka USA, LLC

Plaintiff argues that Defendant, Kooka USA, LLC, was properly served pursuant to Mich. Ct. R. 2.105(H) via certified mail to Michigan Bureau of Commercial Services, on May 13, 2024 and by serving its resident agent, John Koussa. (ECF No. 7; ECF No. 9). The purported service of process on Kooka USA,

LLC is defective for the same reasons outlined above for Northstar Sourcing, LLC. Accordingly, default judgment may not enter against this LLC at this time.

        d.      *International Paper Solutions Co. D/B/A Northstar Sourcing*

Finally, Plaintiff argues that service of process was properly effectuated on Defendant, International Paper Solutions Co. D/B/A Northstar Sourcing, pursuant to Mich. Ct. R. 2.105(D)(4) via certified mail to the Michigan Bureau of Commercial Services, on May 13, 2024.  (ECF No. 6).  Mich. Ct. Rule 2.105(D)(4) provides:

> (D) Private Corporations, Domestic and Foreign. Service of process on a domestic or foreign corporation may be made by
>
> * * *
>
> (4) sending a summons and a copy of the complaint by registered mail to the corporation or an appropriate corporation officer and to the Michigan Bureau of Commercial Services, Corporation Division if
>
>> (a) the corporation has failed to appoint and maintain a resident agent or to file a certificate of that appointment as required by law;
>>
>> (b) the corporation has failed to keep up its organization by the appointment of officers or otherwise; or
>>
>> (c) the corporation's term of existence has expired.

Plaintiff has provided sufficient evidence showing that International Paper Solutions was dissolved in July 2024 and has failed to file an annual report since 2021.  (ECF No. 17, ¶¶ 34, 35).  Additionally, Plaintiff has shown that International

6

Paper Solutions failed to maintain a proper address for its purported resident agent. According to photos submitted by Plaintiff, the resident agent address for Defendant – 32505 Industrial Drive, Madison Heights, MI 48071 – was not an address that housed International Paper Solutions. (ECF No. 17, ¶ 36). Further the mailing address for Defendant – 31319 Foxboro Way, Beverly Hills, MI 48025 – was a residential address associated with Koussa and was sold on November 29, 2023. *Id*. at ¶ 37. Accordingly, the court finds that service on International Paper Solutions can be properly made under subdivision (D)(4). Therefore, service was proper on the Michigan Bureau of Commercial Services, now renamed the Corporations, Securities & Commercial Licensing Bureau, and a default judgment may enter against International Paper Solutions.

3. The deadline to respond to the Complaint for Defendant, International Paper Solutions Co. d/b/a Northstar Sourcing was on or before June 3, 2024. Defendant failed to file or serve any paper in the action and has otherwise failed to respond to the Complaint.

4. Pursuant to Plaintiff's request, the Clerk of the Court entered a default against Defendants on September 5, 2024. (ECF Nos. 13, 14). As such, the entry of default judgment in favor of Plaintiff, Powers Paper, is now proper as to Defendant International Paper Solutions.

5. Once default is entered, Defendant is treated as having admitted to the complaint's well-pleaded allegations. *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 846 (E.D. Mich. 2006). If the allegations, taken as true, "are sufficient to support a finding of liability . . . the Court should enter judgment." *Id*. at 848. After the Court determines that default judgment is appropriate, it will "determine[] the amount and character of the [awarded] recovery." 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2688 (4th ed. 2020) (collecting cases); *Reese v. Collection Bureau of America*, 2008 WL 162468, Case No. 06-cv-14516 (E.D. Mich. 2008). The Court must "conduct an inquiry" to "ascertain the amount of damages with reasonable certainty." *Vesligaj v. Peterson*, 331 F. App'x 351, 355 (6th Cir. 2009) (quotation omitted). "An evidentiary hearing is not required. *Id*. at 354.

The court will adopt by reference the factual allegations contained in Plaintiff's complaint, ECF No. 1, and take them as true as to Defendant International Paper Solutions. *See Ford*, 441 F. Supp. 2d at 846. In its Complaint, Plaintiff requested a money judgment after Defendant failed to pay seven invoices totaling $213,883.24. (ECF No. 1, PageID.4-5). Plaintiff pleaded facts that entitle it to a money judgment. Taken as true, the Complaint allegations show Defendant International Paper Solutions entered into several agreements that resulted in

Plaintiff shipping products on its behalf, after which Defendant failed to pay Plaintiff.

Between September 6, 2023, and November 17, 2023, Defendant entered into six purchase orders with Plaintiff with the intention of Plaintiff shipping paper products to third party companies for the benefit of Defendant.  (ECF No. 1, PageID.4).  The purchase orders Defendant entered into are as follows:

| Purchase Order | Purchase Order Date | Ship to | Purchase Order Amount |
|---|---|---|---|
| 1118 | 9/6/23 | Lilian Trading | $32,407.20 |
| 1124 | 10/1/23 | Veritiv Charlotte | $36,162.00 |
| 1125 | 10/17/23 | Veritiv Carrollton | $36,162.00 |
| 1127 | 10/17/23 | Veritiv Grand Rapids | $36,162.00 |
| 1133 | 12/1/23 | Veritiv Norcross | $36,162.00 |
| 1135 | 11/17/23 | Veritiv Carrollton | $36,162.00 |

Pursuant to those agreements, Plaintiff shipped paper products to Lilian Trading and Veritiv on behalf of Defendant.  *Id*.  Plaintiff subsequently invoiced, and Defendant agreed to pay invoices totaling $213,883.24.  *Id*.  The invoices that Plaintiff sent to Defendant that are left owed and outstanding are as follows:

| Invoice Number | Invoice Date | Ship to | Amount |
|---|---|---|---|
| 10922 | 9/8/23 | Lilian Trading | $22,689.20 |
| 10923 | 9/13/23 | Lilian Trading | $12,967.04 |
| 10936 | 10/10/23 | Veritiv Charlotte | $33,579.00 |
| 10961 | 10/20/23 | Veritiv Carrollton | $36,162.00 |
| 10962 | 10/23/23 | Veritiv Grand Rapids | $36,162.00 |

| Invoice Number | Invoice Date | Ship to | Amount |
|---|---|---|---|
| 10997 | 12/7/23 | Veritiv Norcross | $36,162.00 |
| 10998 | 12/13/23 | Veritiv Carrollton | $36, 162.00 |

As a result of Plaintiff sending the products, Defendant was paid by the respective third-party companies for the products delivered by Plaintiff.  (ECF No. 1, PageID.5).

Defendants entered into purchase orders, causing Plaintiff to ship products to third-party companies on behalf of Defendant.  Defendant accepted money paid by the third-party companies for the products delivered by Plaintiff for the benefit of Defendant.  By not paying Plaintiff's seven invoices, Defendant has caused Plaintiff to suffer damages. Accordingly, Plaintiff is entitled to a default judgment against Defendant International Paper Solutions on its breach of contract claims.[2]

---

[2] Plaintiff is not, however, entitled to default judgment on its unjust enrichment or statutory conversion claims.  Because unjust enrichment is a quasi-contractual remedy, a plaintiff cannot recover for unjust enrichment when an express contract governs the subject matter of the litigation.  *See McCarthy v. Ameritech Pub., Inc.*, 763 F.3d 469, 487 (6th Cir. 2014).  Here, there is an express written contract that governs.  Further, in the context of the sale of goods where the buyer simply fails to pay for the goods, the property is willfully offered, and the plaintiff is not "intentionally dispossessed" of the property within the meaning of the statutory conversion statute. *Dicastal N. Am., Inc. v. Markowitz Metals Grp., LLC*, 633 F. Supp. 3d 999, 1021 (W.D. Mich. 2022).  Instead, the sale of goods is a consensual transfer of property that does not meet the definition of conversion under Michigan law.  *Id*.  Thus, Plaintiff is limited to its breach of contract claims and attendant remedies and is not entitled to default judgment on the statutory conversion claim or the unjust enrichment claim.  Notably, Plaintiff concedes that if the court finds that the valid contract exists, it may not pursue the conversion claim.  (ECF No. 17, ¶ 44).

6. Plaintiff is thus entitled to an award of $213,833.24 for Defendant's failure to pay Plaintiff's invoices. Plaintiff is also entitled to an award of prejudgment and post judgment interest, which shall be calculated from the date of Plaintiff filing the Complaint. *Venture Industries Corp. v. Autoliv ASP, Inc.*, 196 F. App'x 894 (U.S. Fed. Cir. 2006) (interpreting Mich. Comp. Laws § 600.6013).

7. Plaintiff is directed to submit to the court a proposed judgment reflecting this Order within seven days. This court will retain jurisdiction to resolve any disputes over enforcement of the default judgment.

8. The court **ORDERS** that Plaintiff's Motion for Default Judgment (ECF No. 15) is **GRANTED** as to Defendant International Paper Solutions only. The motion is **DENIED** without prejudice as to the remaining Defendants.

This is <u>not</u> a final order and does not close the case.

**SO ORDERED**.

Date: January 13, 2025                              s/F. Kay Behm
                                                    F. Kay Behm
                                                    United States District Judge