IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

POWERS PAPER, LLC,

    Plaintiff,                                Case No. 24-10731

v.                                              F. Kay Behm

                                                   U.S. District Judge

NORTHSTAR SOURCING LLC, *et al.*,

    Defendants.

_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S
MOTION FOR DEFAULT JUDGMENT (ECF No. 35)**

This matter is before the court on Plaintiff's Motion for Entry of Default Judgment Against Defendants Kooka USA, LLC, John Koussa, and Northstar Sourcing, LLC (ECF No. 35).  The court, having reviewed the motion and its exhibits, having heard argument at a hearing, which occurred on October 15, 2025, and being otherwise duly advised in the premises, finds as follows:

    1.     Plaintiff initiated this action on March 21, 2024, seeking $213,883.24 from Defendants for non-payment of seven invoices as a result of the parties entering into six purchase orders.  *See* ECF No. 1.  Plaintiff asserts claims of breach of contract, unjust enrichment, and statutory conversion.  *Id*.

    2.     Before addressing the merits of Plaintiff's claims, the court will first examine whether proper service of process was effectuated on Defendants.  On

1

April 7, 2025, after multiple attempts to serve Defendants with the Complaint, Plaintiff filed a Verified Motion for Extension of Time to Effect Service of Process and to Allow Substituted Service. (ECF No. 26). On April 11, 2025, the court granted Plaintiff's motion, allowing Defendants to be served via substituted service. (ECF No. 30). The court's order provided that substituted service must be effectuated by three or more of the following methods:

    a.    Posting and mailing via U.S. Postal Service, a copy of the order granting substituted service, the Summons, Complaint, and Exhibits to the Complaint to 27060 Kennedy Street, Dearborn Heights, MI, 48127;

    b.    Mailing, via U.S. Postal Service, a copy of the order, the Summons, Complaint, and Exhibits to the Complaint to 28211 Southfield Rd., Box 760338, Lathrup Village, MI 48076;

    c.    Posting and mailing, via U.S. Postal Service, a copy of the order, the Summons, Complaint, and Exhibits to the Complaint to 1546 Chevy Circuit, Rochester Hills, MI 48306;

    d.    Posting and mailing, via U.S. Postal Service, a copy of the order, the Summons, Complaint, and Exhibits to the Complaint to 31319 Foxboro Way, Beverly Hills, MI 48025;

e. E-mailing a copy of the order, the Summons, Complaint, and Exhibit to John@northstarsource.com; and

f. Sending a text message to Mr. Koussa at 586-XXX-1344 and 586-XXX-0126 alerting him of this lawsuit, providing him with the case number, and advising him of the alternative ways that service of process has been effectuated. (ECF No. 30).

Plaintiff represents in its motion that complied with the order for substituted served by (1) posting the complaint and all exhibits at 31319 Foxboro Way, Beverly Hills, MI 48025 1546 Chevy Circuit, Rochester Hills, MI, 48306; and 27060 Kennedy Street, Dearborn Heights, MI 48127; (2) mailing a copy of the Complaint and all exhibits to 28211 Southfield Road, Box 730668, Southfield, MI 48076; (3) sending a text message was sent to 586-XXX-1344 and 586-XXX-0126; and (4) sending an email communication. (ECF No. 35, ¶¶ 4-7). Having complied with the court's April 11, 2025 Order, proper service of process was effectuated on Defendants.

3. Depending on which method of service is examined, the deadline to respond to the complaint was either on or before May 7, 2025, May 9, 2025, or May 15, 2025. In any event, the deadline to respond to the Complaint for

Defendants, has long since passed.  Defendants failed to file or serve any paper in the action and has otherwise failed to respond to the Complaint.

    4.     Pursuant to Plaintiff's request, the Clerk of the Court entered a default against Defendants on May 30, 2025.  (ECF Nos. 32, 33).  As such, the entry of default judgment in favor of Plaintiff, Powers Paper, is now proper as to Defendants Kooka USA, LLC, John Koussa, and Northstar Sourcing, LLC.

    5.     Once default is entered, Defendants are treated as having admitted to the complaint's well-pleaded allegations.  *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 846 (E.D. Mich. 2006).  If the allegations, taken as true, "are sufficient to support a finding of liability . . . the Court should enter judgment." *Id*. at 848.  After the Court determines that default judgment is appropriate, it will "determine[] the amount and character of the [awarded] recovery."  10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2688 (4th ed. 2020) (collecting cases); *Reese v. Collection Bureau of America*, 2008 WL 162468, Case No. 06-cv-14516 (E.D. Mich. 2008).  The Court must "conduct an inquiry" to "ascertain the amount of damages with reasonable certainty."  *Vesligaj v. Peterson*, 331 F. App'x 351, 355 (6th Cir. 2009) (quotation omitted).  "An evidentiary hearing is not required.  *Id*. at 354.

The court will adopt by reference the factual allegations contained in Plaintiff's complaint, ECF No. 1, and take them as true as to Defendants Kooka USA, LLC, John Koussa, and Northstar Sourcing, LLC.  *See Ford*, 441 F. Supp. 2d at 846.  In its Complaint, Plaintiff requested a money judgment after Defendants failed to pay seven invoices totaling $213,883.24.  (ECF No. 1, PageID.4-5).  Plaintiff pleaded facts that entitle it to a money judgment.  Taken as true, the Complaint allegations show Defendants entered into several agreements that resulted in Plaintiff shipping products on its behalf, after which Defendants failed to pay Plaintiff.

Between September 6, 2023, and November 17, 2023, Defendants entered into six purchase orders with Plaintiff with the intention of Plaintiff shipping paper products to third party companies for the benefit of Defendants.  (ECF No. 1, PageID.4).  The purchase orders Defendants entered into are as follows:

| Purchase Order | Purchase Order Date | Ship to | Purchase Order Amount |
|---|---|---|---|
| 1118 | 9/6/23 | Lilian Trading | $32,407.20 |
| 1124 | 10/1/23 | Veritiv Charlotte | $36,162.00 |
| 1125 | 10/17/23 | Veritiv Carrollton | $36,162.00 |
| 1127 | 10/17/23 | Veritiv Grand Rapids | $36,162.00 |
| 1133 | 12/1/23 | Veritiv Norcross | $36,162.00 |
| 1135 | 11/17/23 | Veritiv Carrollton | $36,162.00 |

Pursuant to those agreements, Plaintiff shipped paper products to Lilian Trading and Veritiv on behalf of Defendants. *Id*. Plaintiff subsequently invoiced, and Defendants agreed to pay invoices totaling $213,883.24. *Id*. The invoices that Plaintiff sent to Defendants that are left owed and outstanding are as follows:

| Invoice Number | Invoice Date | Ship to | Amount |
| --- | --- | --- | --- |
| 10922 | 9/8/23 | Lilian Trading | $22,689.20 |
| 10923 | 9/13/23 | Lilian Trading | $12,967.04 |
| 10936 | 10/10/23 | Veritiv Charlotte | $33,579.00 |
| 10961 | 10/20/23 | Veritiv Carrollton | $36,162.00 |
| 10962 | 10/23/23 | Veritiv Grand Rapids | $36,162.00 |
| 10997 | 12/7/23 | Veritiv Norcross | $36,162.00 |
| 10998 | 12/13/23 | Veritiv Carrollton | $36, 162.00 |

As a result of Plaintiff sending the products, Defendants were paid by the respective third-party companies for the products delivered by Plaintiff. (ECF No. 1, PageID.5).

Defendants entered into purchase orders, causing Plaintiff to ship products to third-party companies on behalf of Defendants. Defendants accepted money paid by the third-party companies for the products delivered by Plaintiff for the benefit of Defendants. By not paying Plaintiff's seven invoices, Defendants have

6

caused Plaintiff to suffer damages. Accordingly, Plaintiff is entitled to a default judgment against Defendants on its breach of contract claims.[1]

6.  Plaintiff is thus entitled to an award of $213,833.24 for Defendants' failure to pay Plaintiff's invoices. Plaintiff is also entitled to an award of prejudgment and post judgment interest, which shall be calculated from the date of Plaintiff filing the Complaint. *Venture Industries Corp. v. Autoliv ASP, Inc.*, 196 F. App'x 894 (U.S. Fed. Cir. 2006) (interpreting Mich. Comp. Laws § 600.6013).

7.  Plaintiff is directed to submit to the court a proposed judgment reflecting this Order within seven days. This court will retain jurisdiction to resolve any disputes over enforcement of the default judgment.

---

[1] Plaintiff is not, however, entitled to default judgment on its unjust enrichment or statutory conversion claims. Because unjust enrichment is a quasi-contractual remedy, a plaintiff cannot recover for unjust enrichment when an express contract governs the subject matter of the litigation. *See McCarthy v. Ameritech Pub., Inc.*, 763 F.3d 469, 487 (6th Cir. 2014). Here, there is an express written contract that governs. Further, in the context of the sale of goods where the buyer simply fails to pay for the goods, the property is willfully offered, and the plaintiff is not "intentionally dispossessed" of the property within the meaning of the statutory conversion statute. *Dicastal N. Am., Inc. v. Markowitz Metals Grp., LLC*, 633 F. Supp. 3d 999, 1021 (W.D. Mich. 2022). Instead, the sale of goods is a consensual transfer of property that does not meet the definition of conversion under Michigan law. *Id*. Thus, Plaintiff is limited to its breach of contract claims and attendant remedies and is not entitled to default judgment on the statutory conversion claim or the unjust enrichment claim. Notably, Plaintiff conceded that if the court finds that the valid contract exists, it may not pursue the conversion claim. (ECF No. 17, ¶ 44). In accordance with the complaint, the court has found that a valid contract for the sale of goods exists between Powers Paper and all Defendants. Under these circumstances, the conversion claim may not lie against any of the Defendants.

8. The court **ORDERS** that Plaintiff's Motion for Default Judgment (ECF No. 35) is **GRANTED** as to Defendants Kooka USA, LLC, John Koussa, and Northstar Sourcing, LLC.

**SO ORDERED**.

Date: October 16, 2025

<u>s/F. Kay Behm</u>
F. Kay Behm
United States District Judge